**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CHAUNCEY HADLEY,                                                                                        PLAINTIFF
ADC #132390

V.                                            5:15CV00228-DPM-JTK

JEREMY ANDREWS, et al.,                                                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Hadley, a state inmate confined at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, alleging Defendants unlawfully convicted him of false disciplinary violations. Plaintiff asks for damages and reversal of his disciplinary conviction.

**I.  Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell

2

Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992). But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 557.

## II.   Facts and Analysis

Plaintiff alleges that Defendants unlawfully charged him with several disciplinary violations, following a shake-down of his cell and comments he made to the Defendants. (Doc. No. 2, p. 4) He was convicted of six charges, lost 146 days of good time, was reduced in class, and served thirty days in punitive isolation and sixty days without phone, visitation and commissary privileges. (Id., p. 5) Plaintiff also complains his original disciplinary appeal was not received, and that another effort to appeal was rejected for failing to follow proper procedures. (Id., p. 7) He states that two

of the rule convictions were reversed on appeal, and complains that Defendants charged and convicted him without supporting evidence. (Id., pp. 7-8)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Having reviewed Plaintiff's Complaint, the Court finds that it fails to state a claim upon which relief may be granted for the following reasons.

### A. False Disciplinary - Due Process

Plaintiff first complains that he was improperly charged with and convicted of several disciplinary violations, without any evidence in support. Initially, the Court notes that the filing of a false disciplinary charge is not itself actionable under § 1983, Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994), and that in order to file a § 1983 claim based on the filing of a false disciplinary charge, a prisoner must show favorable termination prior to bringing suit. Woods v. Smith, 60 F.3d 1161, 1165 n.16 (5th Cir. 1995). In this particular case, Plaintiff appealed his convictions and although two of the decisions of guilt were reversed, the others were not, and his punishment stayed the same. (Doc. No. 2, p. 16) In addition, as alleged by Plaintiff, his appeal to the Director of the ADC was returned for failure to follow proper procedures. (Id., p. 17) Therefore, Plaintiff has not provided proof of favorable termination of his disciplinary conviction.

In addition, the Court finds that this case falls within the context of Edwards v. Balisok, 520 U.S. 641(1997), and Heck v. Humphrey, 512 U.S. 477(1994). In Balisok, the United States Supreme Court held that the plaintiff in that action could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a

disciplinary action which resulted in his loss of good time credits. The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings. 520 U.S. at 645. The Court also held that its decision was not affected by the fact that plaintiff did not seek credit for the loss of good-time. Id. at 648. In the earlier case of Heck v. Humphrey, the United States Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. 512 U.S. at 489. Finally, in Sheldon v. Hundley, the Court held that "[i]f success on the merits of a particular § 1983 claim would necessarily imply the invalidity of a disciplinary result lengthening the plaintiff's prison sentence, Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas court, even if the claim is for damages rather than earlier release." 83 F.3d 231, 233 (8th Cir. 1996).

In this case, Plaintiff seeks money damages for the loss of 146 days of good time as a result of his disciplinary conviction. (Doc. No. 2, p. 9) Therefore, he alleges Defendants reached the wrong result, in an action which resulted in loss of his good time credits. The Court finds this claim should be dismissed until his sentence is reversed, expunged, or called into question by a state tribunal or federal court.

The Court also finds that Plaintiff's request for injunctive relief in the form of reversal of his disciplinary should be dismissed. This essentially constitutes a challenge to the length of his confinement, which is only available through a petition for writ of habeas corpus after first

exhausting state remedies. See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991). Plaintiff does not indicate in his complaint that such state remedies have been pursued.

**B.     Ad Seg - Due Process**

Plaintiff also complains that he was sentenced to punitive confinement for thirty days, and lost telephone, visitation, and commissary privileges for sixty days. (Doc. No. 2, p. 5) In order to support a claim for relief based on these allegations, Plaintiff must show that he was deprived of a protected liberty interest which resulted in "atypical or significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In determining whether an inmate possesses a protected liberty interest, the courts "compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life'.... We do not consider the procedures used to confine the inmate in segregation." Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (quoting Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). The courts have held that placement in administrative and disciplinary segregation, even without cause, is not an atypical and significant hardship. Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002). In Phillips, the Court held that the absence of contact visitation, exercise privileges, and chapel rights for thirty-seven days did not constitute an atypical and significant hardship. In addition, in Griffin v. Vaughn, the Court held that administrative confinement for fifteen months did not impose an atypical and significant hardship. 112 F.3d 703, 706 (3d Cir. 1997).

In this particular case, Plaintiff alleges he was incarcerated in punitive confinement for thirty days, and other than a loss of privileges, he does not allege anything about his segregation conditions that would support a finding of atypical or significant hardship. Therefore, the Court finds that this

allegation fails to state a claim upon which relief may be granted.

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED without prejudice for failure to state a claim.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 16th day of July, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.