**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CHAUNCEY HADLEY,                                                                           PLAINTIFF
ADC #132390

V.                                          5:15CV00228-DPM-JTK

JEREMY ANDREWS, et al.,                                                                  DEFENDANTS

## SUPPLEMENTAL PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following supplemental recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Hadley, a state inmate confined at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, alleging Defendants unlawfully convicted him of false disciplinary violations. Plaintiff requested damages and reversal of his disciplinary conviction.

I issued a Proposed Findings and Recommendation on July 16, 2015, that Plaintiff's Complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted (Doc. No. 4). United States District Judge D. P. Marshall adopted the Recommendation, as modified, and requested an additional recommendation as to whether Plaintiff stated a First Amendment retaliation claim and if the favorable-termination requirement of Heck v. Humphrey, 512 U.S. 477(1994), applies to that claim. (Doc.No. 6)

Having reviewed Plaintiff's Complaint and his Objections to the July 16, 2015 Proposed Findings and Recommendation, the Court finds that even if Plaintiff stated a retaliation claim, it should be dismissed.

**I.     Screening**

As noted in the first Recommendation, the Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

**II.    Facts and Analysis**

In his Complaint, Plaintiff stated that following a search of his cell, he told an officer "to tell Warden Andrews to stop f***ing with me or ship me!" (Doc. No. 2, p. 4) Later, Plaintiff was charged with and convicted of six disciplinary violations. (Id., p. 5) Two of those charges later were reversed on appeal. (Id., p. 7) In his Objections to the first Recommendation, Plaintiff stated, "the fact I expressed my first amendment telling staff who shook me down to tell Warden Andrews to leave me alone or ship me after nothing was found on me or my person al property. The defendant J. Andrews then had me locked down and charged me with rule violations that had no merit to give any reason to hold against me,..." (Doc. No. 5, p. 1)

While "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights,'" a "prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 821 (1974) (quoting Price v. Johnston, 334 U.S. 266 (1948)). However, arguing with corrections officers, or being insolent or disrespectful toward corrections officers is not conduct protected by the First Amendment. Young v. Ice, No.

1:14CV1475, 2015 WL 471675 (N.D. Ohio). See, e.g., Goddard v. Kentucky Department of Corrections, Nos. 99-5348 and 99–5971, 2000 WL 191758 at *2 (6th Cir. Feb.7, 2000) ("[plaintiff prisoner's] cursing to correctional officials and complaining about his treatment he received ... is not an activity that may be protected under the First Amendment"); Ustrak v. Fairman, 781 F.2d 573, 580 (7th Cir.1986) (prison regulation prohibiting inmates from "being disrespectful to any employee" and from using "vulgar, abusive, insolent, threatening, or improper language toward any other resident [i.e., inmate] or employee" did not violate the First Amendment, in light of paramount need for prison discipline and control of violence); Thomson v. Spitter, No. 1:12cv534, 2014 WL 235485 at *11 (W.D.Mich. Jan.22, 2014).

In this case, Plaintiff admitted in his Complaint that he told the officer to "tell Warden Andrews to stop f***ing with me or ship me!" (Doc. No. 2, p. 4) He appears to add, in his Objections, that this statement motivated Defendants to retaliate against him by filing six disciplinary charges. (Doc. No. 5) Even if the Court finds that Plaintiff stated a First Amendment retaliation claim based on this sequence of events, the Court finds that Plaintiff can not support a retaliation claim because he himself provided proof that Defendants relied on some evidence to convict him of the disciplinary charges.

In order to support a retaliation claim against Defendants, Plaintiff must allege and prove "that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against [him] that would chill a person of ordinary firmness from engaging in that activity." Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007). However, a retaliation claim is precluded if the alleged retaliatory conduct violation was issued for the actual violation of a prison rule, by the showing of "some evidence" that the inmate actually committed a rule violation.

Hartsfield v. Nichols, 511 F.3d 826, 829 (8th Cir. 2008). And, "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." Id. at 831. See also Sanders v. Hobbs, 773 F.3d 186, 190 (8th Cir. 2014).

Plaintiff attached to his Complaint a copy of the Disciplinary Hearing Action form which included a statement of the evidence relied upon (based on a staff report, a statement from the charging officer, witness statements and photographs). (Doc. No. 2, p. 21) The form also included reasons why information purporting to exonerate the inmate were discounted. (Id.) Therefore, even though two of the charges were ultimately dismissed on appeal, Plaintiff remained convicted of four other charges, served thirty days in punitive isolation, and forfeited 146 days of good time. (Id., p. 22) The evidence relied upon by the hearing officer constituted "some evidence" to support the charges and conviction, and therefore, Plaintiff's First Amendment retaliation claim is precluded.[1]

## III. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED without prejudice for failure to state a claim.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

---

[1] In light of this determination, the Court need not reach the issue of the applicability of Heck to Plaintiff's retaliation claim.

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

3.	The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 2nd day of October, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE